UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| THE MIKADO RESTAURANT OF INDIANAPOLIS, INC. | ) | CASE NO. 04-06404-AJM-11 |
| | ) | |
| | ) | |
| Debtor | ) | |

**ORDER DENYING SQUARE 74 ASSOCIATES, LLC'S EMERGENCY MOTION FOR RELIEF FROM AUTOMATIC STAY, GRANTING REQUEST FOR ABSTENTION AND DIRECTING DEBTOR TO TENDER PAYMENT OF POST PETITION RENTS AND TAXES**

***Background***

The Mikado Restaurant of Indianapolis, Inc. (the "Debtor") operates a restaurant located in the first floor area of a parking garage located on Illinois Street in downtown Indianapolis (the "Leased Premises") and leases the restaurant space from Square 74 Associates, LLC ("Square 74"). [1] The Leased Premises was a concrete shell to which the Debtor made significant improvements after entering into the Lease in order to ready the Leased Premises to operate as a restaurant. The Debtor was required under the Lease to maintain casualty insurance, including fire coverage, on all improvements. In the event the Leased Premises were damaged or destroyed, Square 74, at its sole expense, was required to restore all portions of the damaged Leased Premises *except* improvements made by the Debtor, and the Debtor's obligation to pay rent was abated until such restoration was completed.

[1] The Debtor entered into an amended lease in June, 1996 with Indianapolis Downtown, Inc. ("IDI). IDI subsequently assigned its interest in the lease to Square 74 in September, 1999.





DOCUMENT NO. 40

A fire occurred in the Leased Premises on October 29, 2003 which essentially shut down the operation of the restaurant. The Debtor notified Square 74 and its property manager of the fire about a week afterward. As of October 29, 2003, the Debtor was current on rent payments.

The Debtor failed to pay the rent due on November 1, 2003 as well as certain reconciled common expenses from 2002 totaling over $4000.00 (the "2002 Common Expenses"). On November 25, 2003 and based on the belief that the restoration of the Leased Premises was the sole responsibility of Square 74, the Debtor verbally requested that Square 74 abate the rent for four (4) months during which time the fire damage would be cleaned up. Square 74 inspected the Leased Premises, and determined that the damage caused by the fire had occurred only to the improvements made by the Debtor and therefore, restoration was the Debtor's responsibility. Consequently, Square 74 refused to abate the rent.

On December 19, 2003, Square 74 issued a notice to the Debtor (the "First Notice") that it was in default in payment under the Lease, indicating a past due amount of $19,448.91. The notice gave the Debtor ten (10) days to cure the default. On January 20, 2004, Square 74 issued another written notice to the Debtor of its failure to pay rent, and notified the Debtor of Square 74's election to re-enter the Leased Premises and terminate the Debtor's right to possession (the "Second Notice"). Square 74 returned the Debtor's partial payment of $7576.56.

On February 2, 2004 the Debtor informed Square 74 that it would undertake the cost of repairs, but because the Debtor claimed that the cost of repairs were the responsibility of Square 74, it agreed to undertake the repairs while reserving all claims

## ***Discussion***

### ***Relief from the Automatic Stay***

The automatic stay imposed under §362(a) may be modified upon request by a party in interest after notice and a hearing, "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. §362(d)(1). "Cause" to lift the stay in order to allow a creditor to continue litigation in another forum involves a consideration of (a) whether lifting of the stay and continuation of the litigation will cause great prejudice to the estate or the Debtor; (b) whether continued imposition of the stay will cause a hardship to the moving party that outweighs the hardship to the debtor; and (c) whether the moving party has a probability of prevailing on the merits. See, *In re Fernstrom Storage & Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991).

Square 74 argues that "cause" exists to lift the automatic stay, because the Debtor's *right to possession* of the Leased Premises terminated pre petition. However, whether the Debtor's right to possession of the Leased Premises terminated pre petition depends on a determination of (1) whether it was the Debtor's or Square 74's responsibility to restore the Leased Premises; (2) whether the Debtor's obligation to pay rent has been abated; (3) whether the Debtor is in default of its lease obligations; and (4) whether Square 74 gave the appropriate ten (10) day notice to cure the default. None of these underlying issues have been resolved. To lift the stay at this juncture would be premature, since it cannot be said that Square 74 has a probability of prevailing on the merits. Besides, it cannot be gauged at this juncture which party

would suffer the greater hardship if the stay were or were not lifted. or whether Square 74's interest in the Lease is adequately protected. All of these determinations hinge upon whether the Debtor's right to possession was terminated. The uncertainty of the nature of the extent of Square 74's interest in the Lease compels the Court to DENY its request for relief from the automatic stay.

***Permissive Abstention under 28 U.S.C. §1334(c)(1)***

Although lifting of the stay is not warranted, the Court finds merit in Square 74's argument that the State Court should hear the underlying issues related to the termination of the Debtor's right to possession of the Leased Premises. A bankruptcy court can exercise its discretion and abstain from hearing an issue in the interest of justice, or in the interest of comity with state courts or respect for state law. Although there are several factors to be considered in determining whether a court should abstain under the permissive abstention provision of §1334(c))(1) [2] , prominent among them are whether the state court has expertise in the disputed area of law, whether the state court is able to adjudicate the issue in a timely fashion, and the degree to which the issue involves bankruptcy matters. *In re Finkley*, 203 B.R. 95, 104-05 (Bankr. N.D. Ill. 1996);

---

[2] These factors are (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable law; (4) the presence of a related proceeding in state court or other nonbankruptcy court; (5) the jurisdictional basis, if any, other than U.S.C. §1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted 'core' proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) the presence in the proceedings of nondebtor parties. *In re Chicago, Milwaukee, St. Paul & Pacific Railroad Co.*, 6 F.3d 1184, 1189 (7th Cir. 1993).

The issues related to the termination of the Debtor's rights to possession are specific to the Lease, involve matters of state law, do not fit easily into the definition of "core" proceedings, and stand on their own irrespective of the bankruptcy case. The State Court was on the brink of hearing these issues when the stay was imposed. This Court, having previously served as a judge in the Marion County Superior Court system, believes that ejectment and prejudgment possession hearings are typically given priority on a state court's calendar. The State Court judge assigned to this matter has experience in handling such matters. Although no orders have been issued in the State Court, this Court is of the opinion that the State Court is the proper forum to hear the limited issues related to the termination of the Debtor's right to possession of the Leased Premises. Accordingly, the Court will abstain under the permissive abstention provisions of 28 U.S.C. §1334 (c)(1) from hearing issues related to whether the Debtor's right to possession of the Leased Premises was terminated.

The Debtor argues in its reply that these underlying lease issues are part of the larger issue related to the Debtor's motion to assume the Lease [3], and that the assumption of a lease is a core proceeding from which the Court should not abstain. The Debtor argues that neither comity nor judicial economy will result if abstention is granted since the parties will need to return to this Court if the State Court finds that the Debtor's right to possession was not terminated.

It appears that the parties will return to this Court even if Square 74 *is* successful in State Court. Square 74 is asking only for a finding that the Debtor's right to

---

[3] The Debtor filed its motion to assume the Lease on May 18, 2004. That motion has not yet been set for hearing.

possession of the Leased Premises – and not the Lease itself --was terminated. Normally under Indiana law, a termination of a lease extinguishes the tenant's liability for future rents unless the lease contains a "savings clause" that expressly provides that the termination shall not affect the accrual of liability for rent. *Gigax v. Boone Village Ltd Partnership*, 656 N.E.2d 854, 858 (Ind. App. 1995). By asking for only termination of the Debtor's right to possession, Square 74 preserves its claim for future damages under the Lease but strongly denies that this damage claim preservation renders the Lease "unexpired" so as to allow the Debtor to still assume it under §365. See, for example, *In re Ontario Entertainment Corp.*, 237 B.R. 460 (Bankr. N. D. Ill. 1999). The Debtor's motion to assume the Lease was not the subject of the May 21st hearing and, given the fact that the Debtor will argue that the Lease is "unexpired" for §365 purposes even if the Debtor's right to possession has been terminated, that motion will be considered by this Court after the State Court resolves the termination of possession issue. Despite the inevitable return of the parties to this Court, however, the Court remains convinced that the State Court is the forum to determine the termination of possession issue since it involves purely issues of state law, involves no bankruptcy matter, and can be heard as expeditiously in State Court as it can be heard here.

***Payment of Rent and Taxes***

The Debtor at the May 21st hearing informed the Court that, pending resolution of the termination of possession and §365 assumption motion, it is prepared to tender rent payments and place them in escrow. To that end, the Court hereby directs the Debtor to tender and deposit all rents and taxes that have accrued post petition in an interest bearing escrow account to be established by agreement of counsel.

DATE: MAY 28 2004

ANTHONY J. METZ, III, Judge
United States Bankruptcy Court

Distribution:
Christopher Baker / Gary Hostetler, Attorneys for the Debtor
James Rossow / John Rogers, Attorneys for Square 74 Associates, LLC
Nancy J. Gargula, United States Trustee

c/s 5/28/04