SO ORDERED: July 19, 2005.

_____
Anthony J. Metz III
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MIKADO RESTAURANT OF | ) | CASE NO. 04-6404-AJM-11 |
| INDIANAPOLIS, INC. | ) | |
| | ) | |
| Debtor | ) | |

**ORDER ALLOWING AND DIRECTING PAYMENT OF ADMINISTRATIVE CLAIM**

This matter came before the Court for hearing on June 15, 2005 upon the "Motion for Order Allowing Administrative Claim and Ordering Payment of Administrative Claim" filed by Bank One, N.A. ("Bank One") on May 5, 2005. Present at the hearing were Chris Baker for the Debtor and James Lauck for Bank One. The Court took ruling of the matter under advisement but directed the parties to submit their respective calculations regarding the amount of the administrative claim requested. Counsel for Bank One has informed the Court of that amount based on its calculations, and counsel for the Debtor has not disputed the amount, although allowance and

1

payment of that amount remains disputed.

## *Background*

The Debtor filed its voluntary chapter 11 case on April 12, 2004.  In its statement of financial affairs, the Debtor listed Juping Chi ("Chi") as "president" and "100% stockholder" and disclosed that Chi had been paid $75,000 in wages during the year prior to the Debtor's filing (April 2003 to April 2004).  On July 23, 2004, Bank One, N.A. ("Bank One") obtained a judgment against Chi in the amount of $81, 849.60.  Nothing in the papers filed with this Court indicate that the Debtor was also obligated on the debt upon which Bank One obtained its judgment against Chi, and Bank One's counsel in the June 15th hearing informed the Court that Bank One was not a creditor of the Debtor.  Having obtained its judgment, Bank One proceeded to collect it and attempted to garnish Chi's wages.  Since the Debtor was Chi's employer, Bank One on October 8, 2004 instituted garnishment proceedings, naming the Debtor as garnishee defendant and eventually obtained a final order in garnishment (the Final Order") against the Debtor.  The Final Order *directed the Debtor* to withhold from Chi's pay and remit to the Clerk of the Hamilton Superior Court the lesser of (1) 25% of Chi's disposable earnings or (2) all amounts of Chi's disposable earnings in excess of $127.50 a week.  The Debtor failed to withhold any amounts and remit then to the clerk.  Bank One thereafter on January 28, 2005 obtained an order enforcing the Final Order (the "Enforcement Order").  The Enforcement Order provided that the Debtor was in contempt for its failure to abide by the Final Order and awarded Bank One $858.00 in fees.  The Debtor was ordered to remit immediately the past due amounts it was to have withheld and paid. Between the entry of the Enforcement Order and March 7, 2005, the Debtor withheld no

funds from Chi's wages. Chi filed her personal chapter 7 bankruptcy on March 7, 2005. Bank One acknowledges that it no longer can seek garnishment of Chi's wages since she herself has filed a chapter 7 petition.

### *Discussion*

Bank One argues that it is entitled to an administrative claim *in this case* equal to the amount of wages that, under the Final Order, the Debtor was ordered to withhold and remit between October 8, 2005 (the entry of the Final Order) and March 7, 2005 (Chi's petition date). The Debtor argues that Bank One was first required to move for relief from the automatic stay if not before instituting garnishment proceedings by naming the Debtor as garnishee defendant, then most certainly before it obtained the Enforcement Order against the Debtor. The Debtor contends that at the very least, the Enforcement Order was entered in violation of the stay and therefore is void. Furthermore, the Debtor alleges that obtaining and attempting to enforce the Enforcement Order against the Debtor is an act that seeks to obtain control over property of the estate and therefore is prohibited under §362 unless and until Bank One obtains relief from the automatic stay.

The automatic stay prohibits: (1) the commencement or collection of pre petition debts and (2) the collection and enforcement of post petition debts to the extent such enforcement seeks to obtain property of the estate. It does not prevent or stay the *creation* of post petition debts. *Fazio v. Growth Development Corp. (In re Growth Development Corp.)*, 168 B.R. 1009, 1016-18 (Bankr. N. D. Ga. 1994).

The *Growth Development* case is instructive. In *Growth Development*, the

3

debtor defaulted on a loan from Fazio and, before a judgment could be obtained, against the debtor, the debtor filed its chapter 11. Because two of the debtor's officers had personally guaranteed the debt, Fazio pursued and obtained judgments against them. To collect these judgments, Fazio then commenced garnishment proceedings (the "first garnishment proceedings") against them, naming the debtor as garnishee defendant. However, before commencing the first garnishment proceedings against the guarantors, Fazio sought and obtained relief from stay in the debtor's chapter 11 case.

As part of the first garnishment proceedings, and under the Georgia garnishment statute, the debtor was required to file answers (with respect to the judgment defendant's income) every 45 days. *Id*. at 1012. A garnishee defendant that fails to file such answer every 45 days until satisfaction of the judgment is in a state of default but can cure the default by filing the answer within 15 days of coming into default. If the default persists after that 15 days, a default *judgment* (for the amount of wages the garnishee defendant wrongfully failed to remit) can be entered *against the garnishee defendant*. *Id*. Even after the default judgment is entered against the garnishee defendant, that defendant can still purge himself of the default by tendering the full amount of the default judgment.

The debtor in *Growth Development* filed an initial answer but failed to file any further answer, thereby falling into "default". The debtor failed to cure the default within 15 days and consequently a default judgment was entered against it. The debtor did not tender the full amount of the default judgment, so Fazio then instituted the second round of garnishment proceedings, this time against *the debtor as judgment defendant*

4

and sought to levy the debtor's bank accounts by naming as garnishee defendants the banks where the accounts were maintained. Fazio first filed a notice in the chapter 11 that he was pursuing the garnishments. The debtor filed an emergency motion to stop the garnishments.

The debtor argued that Fazio violated the stay as early as the first garnishment proceedings (where the debtor was named only as a garnishee defendant and before default judgment was entered against the debtor). If the stay was not violated at that stage, then, the debtor argued, it was violated when Fazio obtained a default judgment against the debtor. Thus, all acts taken in violation of the stay were void and Fazio had no basis to institute the second round of garnishment proceedings directly against the debtor.

The court rejected the argument that the first round of garnishment proceedings were in violation of the stay because Fazio had obtained relief from stay before commencing those proceedings. However, the court alluded to the fact that, even had stay relief not been obtained, the first round of garnishment proceedings and the entry of the default judgment would not have violated the stay. "Proceedings and claims that arise post petition are not subject to the automatic stay"...[r]ather, it is the *enforcement* of these claims that may be prohibited....". 168 B.R. at 1014. Since the default judgment arose as a result of the debtor's post petition conduct, it was a post petition claim that had arisen in favor of Fazio. *Id.* However, the second round of garnishment proceedings directly against the debtor in an attempt to attach the debtor's bank accounts was a different matter. Such acts squarely attempted to obtain control over property of the estate and therefore were stayed under §362. Because Fazio's post

5

petition claim against the debtor from the default judgment was merely an unsecured claim, there was no reason to lift the stay. *Id*. at 1017-18.

Instead, the court analyzed whether Fazio's post petition claim against the debtor qualified as an administrative expense against the debtor under §503(b)(1)(A).[1] Noting that §503(b)(1))(A) applies only to postpetition claims, the Court applied an expansive view to what claims could be eligible for §503(b)(1)(A) priority and concluded that Fazio should be awarded an administrative claim in the debtor's chapter 11 case in an amount equal to the actual garnishments that should have been remitted up to that point. In so holding, the court noted that (1) Fazio suffered an injury due to the debtor's conduct; (2) Fazio's claim was the result of the debtor's failure to follow state law and (3) the debtor's noncompliance with the garnishment statute enable the nondebtor / guarantor the protection of the automatic stay:

> The final factor of which the Court takes note is the potential for abuse that exists in situations in which an officer of a debtor corporation can entangle his employer with this own financial obligations to the extent that the officer personally benefits from the automatic stay. A garnishment action is one such situation, because a corporate officer of the employer garnishee may be able to influence the corporation's actions with respect to the garnishment proceedings. Zack, as the defendant in the state court garnishment action and the Debtor's vice president, personally benefitted from the Debtor's failure to respond to Fazio's garnishment. No evidence implies that Zack somehow manipulated the Debtor to prevent his wages from being garnished, and the Court does not conclude that any such acts occurred. Nevertheless, the events that occurred in this case have provided Zack, a nondebtor, with the protection of the automatic stay. Fairness dictates that Fazio should not have to pay for this benefit that Zack, as a corporate officer, received as a result of the Debtor's default.

168 B.R. at 1021.

---

[1] Section 503(b)(1)(A) provides that "the actual, necessary costs and expenses of preserving the estate, including wages, salaries or commissions for services rendered after the commencement of the case" qualify for administrative expense priority.

6

Here, Bank One's claim against the Debtor arose post petition. Since the automatic stay does not prevent the creation of post petition claims, Bank One was not required to obtain stay relief before instituting garnishment proceedings against Chi, naming the Debtor as garnishee defendant. The *entry* of the Enforcement Order against the Debtor likewise did not violate the automatic stay, because the claim that gave rise to that order also was incurred post petition. Once Bank One obtained the Enforcement Order it does not appear that it sought to institute additional proceedings against the Debtor to obtain property of its estate or levy the Debtor's accounts, like Fazio did in *Growth Development* when he levied the Debtor's bank accounts. Instead, Bank One properly filed its application in this Court once it discovered that Chi herself had filed bankruptcy.

For the reasons stated in *Growth Development*, Bank One is entitled to an administrative claim equal to the amount of wages that the Debtor should have withheld from October 8, 2004 to March 7, 2005, the date Chi filed her chapter 7 case. Counsel at the conclusion of the June 15th hearing were asked to tender to the Court their calculations of the wages that should have been remitted during that period. Counsel for Bank One has forwarded its calculation to the Court, and the Debtor does not dispute the amount or the calculation.

Accordingly, the Court now GRANTS Bank One's Motion and ORDERS that Bank One is entitled to an administrative priority claim in the amount of $5007.00. Said administrative claim shall be paid within sixty (60) days of the date of this order.

# # #

Distribution:

James Lauck, Counsel for Bank One
Chris Baker, Counsel for the Debtor
Tim Lorsdorfer, Counsel for the Internal Revenue Service
Chuck Wharton, Counsel for the United States Trustee